*Renner & Renner,* contra.

*Closs & Luebbert,* for plaintiff in error.

---

### MONEY DEPOSITED IN LIEU OF BAIL.

[Circuit Court of Lucas County.]

FRED B. BRUSOE v. THE RETREAT AND THE CITY OF TOLEDO.

Decided, October 3, 1903.

*Arrest Without Warrant—Where there is No Evidence that the Accused was in Commission of the Crime Charged—Money Deposited in Lieu of Bail—Not "Voluntary" Where the Arrest was Illegal— And may be Recovered, Even though it has Passed to a Beneficiary.*

1. Where money is deposited in lieu of bail demanded under an illegal arrest, the payment thus made is not voluntary, and may be recovered back.

2. Money thus deposited with police officials is held by the city as trustee, and where paid over by the city to a designated beneficiary, the beneficiary acquires no better title thereto than that of the trustee, and is bound upon demand of the one entitled to the fund to surrender it to him.

PARKER, J.; HAYNES, J., and HULL, J., concur.

This action was brought by Brusoe in the court below against The Retreat and the City of Toledo, to recover back one hundred and sixty dollars which he had deposited in lieu of bail, in the police court of the city, and which money had been forfeited and withheld from him. It appears that on the 6th day of August, 1900, Mr. Brusoe and his wife, and some other women who were said to have been living at a place kept by himself and wife, were arrested by a police officer and taken to the police station on a charge of keeping a house of prostitution—that is to say, Brusoe and his wife were arrested on that charge, and the others were arrested on the charge of being inmates; and that they were arrested without affidavits having been pre-

viously filed charging them with these offenses and without warrants having been issued and put into the hands of the officers for their arrest.

It is charged in the petition in the case that these moneys were wrongfully and unlawfully exacted from Brusoe, and such money unlawfully detained and delivered to The Retreat established in the city of Toledo for a home for friendless girls, which, under a certain statute of the state of Ohio, is authorized to receive all funds or forfeitures arising from the prosecution of houses of ill-fame or prostitution. It is not charged in the petition that the arrest was made without warrant, but the evidence in the case tends to show that that was true. Upon trial of the case in the court of common pleas a verdict was returned by the jury in favor of both defendants— both Toledo and The Retreat. On motion of plaintiff that verdict was set aside as to The Retreat, but it was allowed to stand as to the city. Error was not prosecuted to that order or to the judgment founded upon it in favor of the city, and the petition in error in this case was not filed within four months from the date of that judgment, so that the case against the city came to an end. Subsequently the case was re-tried as against The Retreat, and after the evidence was in on behalf of the plaintiff, a motion was made to rule the evidence from the jury and to enter judgment in favor of The Retreat. It does not appear from the bill of exceptions that this motion was acted upon, and witnesses were then called on behalf of the city, who gave some testimony, and thereupon the motion was renewed and the court ruled in favor of The Retreat, and directed the jury to return a verdict in favor of The Retreat, which was done; a motion for a new trial being made and overruled, judgment was entered, and now error is prosecuted here by Brusoe.

The testimony in the case tended to show that Brusoe and his wife were arrested without a warrant having been legally issued, no proper affidavit having been filed; it tends to show that the arrest occurred about 11:30 p. m. of August 6th, 1900. Mr. Brusoe testified that he was in custody not to exceed twenty minutes; that then the bail was fixed by some officer, in his case at $100, and in his wife's case at $100; they having previously

searched him and taken from him about $117, or, as other wit-
nesses say, $122; that he desired them to retain $100 of his
money as the bail in his case, and as he was not able at the time
to furnish bail in his wife's case, the $100 was retained and the
excess was returned to him. On the next day, the bail in his
wife's case having been reduced to $50, he produced $50 and
paid it over in lieu of entering into a bond, and thereupon his
wife was released. The records introduced in the case tend to
show, from their dates, that the affidavits charging these of-
fenses upon Brusoe and his wife, were made out and signed
upon the following day, to-wit, upon the 9th of August, and that
the warrant was issued upon the 9th of August. The cases were
continued by the police court for a few days to a time set for
trial, and neither Brusoe nor his wife appearing to answer the
charges, the bail was declared forfeited. The evidence tends
to show that this money was paid to The Retreat in pursuance
of the provisions of the statute which I have mentioned.

Now it is insisted on behalf of The Retreat that the evidence
shows clearly that this money was voluntarily paid into the
hands of the city officers in lieu of bail, and that, therefore, it
can not be recovered back, and that, therefore, the direction of
the court to the jury was right. And the testimony does tend to
show, and perhaps it would not be out of place to say that as it
stands it does show that Mr. Brusoe was not willing, under
the circumstances, to deposit this money to obtain the freedom
of himself and his wife; indeed that he was quite willing to do
so. He did not tender a bail bond; there is nothing tending to
show that he tendered such a bond, and that it was declined,
and that the money was exacted in lieu thereof, but it tends to
show that it was at the suggestion of Mr. Brusoe that the cash
was taken in lieu of a bond.

Now that such an exaction of cash is illegal, and that it may
not be retained by the city, is decided in the case of *Reinhard* v.
*Columbus*, 49 O. S., 257. It is also decided in the case of
*Columbus* v. *Dunnick*, 41 O. S., 602, that where one is arrested
and at his own request makes a deposit ·of cash in lieu of
bail, such deposit of cash, being voluntary, it may be retained
and can not be recovered back. It appears, however, in that

case that the arrest was lawful, that is to say, legal. In the case at bar, however, and in the case of *Reinhard* v. *Columbus,* *supra* (as held in the case), the arrests not being upon affidavit and warrant, were *prima facie* unlawful; and it is therein held that where an arrest is unlawful it can not be said that if cash or a bond is exacted, that the cash is "voluntarily" paid or the bond "voluntarily" given. The case of *Reinhard* v. *Columbus, supra,* seems to us to answer every legal question submitted to us in this case, and I read from the syllabus:

"1. It is illegal, unless authorized by statute, for a police officer or magistrate to receive money in lieu of bail for the appearance of a person accused of a criminal offense.

"2. A police officer arrested a person for an alleged misdemeanor under a state law before any charge had been preferred against him or warrant had been issued for his apprehension; and demanded from him, while under arrest, a deposit of money in lieu of bail for his appearance before the mayor, which deposit was made by the person arrested, to avoid imprisonment. The money was paid into the city treasury, and afterwards the city, by its promissory note, paid the same to the county; but while the money was in the hands of the city the party who was arrested demanded of the city that it pay over the same to him, which the city refused to do. In an action against the city by the party arrested, to recover the money, in which the legality of his arrest became a material issue, it was incumbent on the defendant to show that such a state of facts existed as justified the officer in making the arrest without the previous issue of a warrant, and that he did not detain the party arrested an unreasonable time before obtaining a legal warrant.

"3. Unless established by satisfactory evidence that the circumstances were such as to authorize the officer to make the arrest without the previous issue of a warrant, the payment of the money by the party arrested as a substitute for bail for his appearance, and to avoid imprisonment, is to be deemed an involuntary payment, and the sum so paid may be recovered by him in an action against the city, as money by it had and received for the use of the plaintiff."

The matter is fully discussed by Dickman, Judge, and in the course of his opinion a number of authorities are cited in support of the decision and of what is set forth in the syllabus.

In the case at bar there was no evidence submitted tending

to prove that the defendants in the police court—Brusoe and his wife—were in the commission of the crime charged, or were discovered by the officer in the commission of the crime charged, at the time he made the arrest without a warrant. Therefore, there being in the case at bar no testimony tending to show that there had been a legal arrest, and it appearing *prima facie* to have been an illegal arrest, the exaction of the money under such circumstances can not be said to have been a voluntary payment or delivery of the money. Precisely what the court below had in view, precisely what defect it found in the plaintiff's case, we are not advised.

It is argued that even though the plaintiff had a cause of action against the City of Toledo, he has none against The Retreat; that the money can not be followed into the hands of this institution. Now it appears that the money was not received by The Retreat in the ordinary course of business, as that phrase is used in law—it was not received for a consideration. The Retreat was the beneficiary; The Retreat received the money as a gift, a gratuity, and the court holding in this case of *Reinhard* v. *Columbus, supra,* that in a case of this kind the money can be recovered back as money had and received to the use of the person paying it, the city became substantially a trustee for the parties paying in the money, and was bound to hold the money for them, and one receiving these funds from the trustees without consideration, acquires no better title thereto than the trustee had, and is bound upon demand of the person entitled to the fund, to deliver it up, and, therefore, in our opinion, a *prima facie* case was made out against The Retreat, and the action of the court in taking the case from the jury was wrong and erroneous, and for that reason the judgment of the court below will be reversed and the case remanded for a new trial.

It may be that upon the first trial there was some testimony that convinced the jury that the arrest was legal, and that therefore the city was exonerated. Unless that were true, we can not understand why the city should have prevailed.

*Peter Emslie* and *A. C. Bowersox,* for plaintiff in error.

*M. R. Brailey,* City Solicitor, for defendants in error.